CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 2 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RUSSELL DON HARVEY, #313309,<br>    Petitioner, | )<br>)<br>) |
| v. | )   Case No. 7:05-CV-00238<br>) |
| GENE JOHNSON,<br>    Respondent. | )   By:  Michael F. Urbanski<br>)          United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Petitioner Russell Don Harvey brings this action as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254. This case is before the court for report and recommendation on the motion to dismiss filed by the Director of the Department of Corrections for the Commonwealth of Virginia (Docket No. 5). After reviewing the record, the undersigned recommends that respondent's motion to dismiss be granted.

### I. Factual and Procedural History

Petitioner was convicted in the Circuit Court for the City of Lynchburg on August 26, 2002 of assault and battery against a family member and malicious wounding and sentenced to a total of twenty years six months of imprisonment with fifteen years suspended. (Resp. Exh. A at 1.) Petitioner appealed his conviction to the Virginia Court of Appeals which denied his petition for appeal on March 7, 2003 and May 23, 2003. After briefing, a further appeal to the Virginia Supreme Court was refused on October 27, 2003. Petitioner then filed a petition for a writ of habeas corpus in the Virginia Supreme Court on October 18, 2004. That court dismissed the petition on April 6, 2005.

In affirming his conviction, the Virginia Court of Appeals found that:

> [t]he seventy-eight-year-old victim testified that she saw appellant, her son, throw food on the wall. The victim asked appellant why he was throwing food, and "he just started to come after" her. The victim landed on the floor with a broken hip. After the victim was unable to get up, appellant helped her to the sofa. Appellant also struck the victim in the head with a broom, resulting in a bleeding, open wound that required staples to close.
>
> Officer Childress reported the scene and saw blood spots on the carpet and a laceration on the victim's head. When he questioned the victim about the injuries, she stated, "He'll kill me if I tell you." Childress testified that the victim was shaking and appeared to be afraid as she spoke with him. Childress also recovered the broom, which appeared to have hair and blood on it. Appellant entered the room and screamed at Childress to stop putting ideas into his mother's head. Appellant also tried to retrieve the broom.

(Pet. Exh. 1, at 1-2.)

## II. Grounds for this Habeas Petition

Petitioner challenges his conviction on a number of grounds. These include:

(1)   that evidence was insufficient to support his conviction;

(2)   that the prosecution violated the due process clause by producing false testimony;

(3)   that petitioner's trial counsel was ineffective for:

    (a)   conducting an inadequate pre-trial investigation;

    (b)   failing to use DNA analysis provided by the prosecution to cross-examine a witness;

    (c)   failing to raise sufficiency of the evidence on direct appeal;

    (d)   failing to present character witnesses at sentencing;

    (e)   conceding that petitioner committed no crime less than unlawful wounding;

    (f)   failing to put on expert witnesses on diminished capacity;

(g) failing to put on expert testimony at petitioner's sentencing;

(h) failing to object to the hearsay evidence in the presentence report;

(I) failing to call a clinical psychologist or psychiatrist to testify about petitioner's mental illnesses at trial;

(j) failing to interview a prosecution witness;

(k) failing to conduct an adequate pre-trial examination of a forensic nurse examiner.

### III. Analysis

#### A. Procedurally Defaulted Claims.

A federal court may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule. Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997) (citing Harris v. Reed, 489 U.S. 255, 262 (1989)). In this case, the Supreme Court of Virginia explicitly relied on the procedural default rule in Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), in dismissing petitioner's second claim, which dealt with petitioner's contention that the prosecution violated the due process clause by producing false testimony.

The Fourth Circuit has "held on numerous occasions" that Slayton constitutes an adequate and independent state law ground for decision. Mu'min, 125 F.3d at 196 (citations omitted). After determining that a state court relied on an adequate and independent state law ground for its decision, the federal courts "may only inquire into whether cause and prejudice exist to excuse [a state procedural] default, not into whether the state court properly applied its own law." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (quoting Barnes v. Thompson, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

3

Here, petitioner argues that he has shown cause and prejudice for his default based on attorney's ineffectiveness. For such alleged ineffectiveness to constitute cause, the "claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Petitioner makes no claim that it was presented to the state courts as an independent claim here.

Because the Supreme Court of Virginia relied on an adequate and independent state law ground for its decision that petitioner's claim was procedurally defaulted, that decision is not reviewable in this court. Further, because petitioner challenges only the application of the rule in Slayton and offers no argument as to why cause and prejudice or a fundamental miscarriage of justice may excuse his procedural default, the court need not consider whether such claims exist. As such, it is the recommendation of the undersigned that petitioner's second claim is not subject to federal habeas review.

**B.     Claims on the Merits.**

Petitioner raises a number of claims which the state court adjudicated on their merits. When reviewing such claims, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states that a federal court may grant habeas relief only if the state court's adjudication resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," of (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

4

A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if the court identifies the governing legal principle, but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "It is not enough that a federal habeas court, in its 'independent review of the legal question' is left with a 'firm conviction' that a state court was 'erroneous'.... Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

A state court decision is entitled to a "presumption of correctness." 28 U.S.C. § 2254(e)(1). That presumption is rebutted only by "clear and convincing" evidence that the state court decision was "based on [an] unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id.; Wiggins v. Smith, 539 U.S. 510, 528 (2003). The presumption applies equally to the factual findings of state courts that conducted postconviction proceedings. Howard v. Moore, 131 F.3d 399, 422 (4th Cir. 1997).

Even if a writ of habeas corpus is authorized under § 2254, a petitioner is still not entitled to relief unless he can show "that any constitutional errors committed 'had substantial and injurious effect or influence on the verdict' rendered by the jury." Wilson v. Ozmint, 352 F.3d 847, 855 (4th Cir. 2003).

5

### 1. Claim 1 - That Evidence Was Insufficient to Support Petitioner's Conviction.

Petitioner contends that the evidence was insufficient to prove him guilty. Petitioner's contention is belied by the record which provides ample evidence to the contrary regarding all of the charged offenses. To win this claim, petitioner must show that the evidence was not sufficient to justify any rational trier of fact in finding him guilty beyond a reasonable doubt. See generally Jackson v. Virginia, 443 U.S. 307 (1979). The reviewing court's

> standard of review is a narrow one, however, and does not require removal of all possibility that some jury might have a reasonable doubt about the defendant's guilt; nor does it require that this Court determine whether it believes the evidence establishes guilt beyond a reasonable doubt.

United States v. Hughes, 716 F.2d 234, 241 (4th Cir. 1998).

Petitioner contends that the evidence was insufficient to prove malice and his intent to main, disable, disfigure, or kill. Under Virginia law, malice "inheres in the intentional doing of a wrongful act without legal justification or excuse, or as a result of ill will." See Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 272 (1969). Here, the intent to maim was fully established. See Shackleford v. Commonwealth, 183 Va. 423, 427, 32 S.E.2d 682, 684 (1945). The evidence in this case is undisputed: without provocation, petitioner knocked his 78-year-old mother to the floor, breaking her hip. Petitioner then refused to obtain help for her, and instead struck her in the head with a broom, requiring sutures. Any rational fact finder could find both malice or intent to maim in the petitioner's acts. As such, the Virginia court's decisions finding this evidence sufficient to convict petitioner of the charge were reasonable.

6

## 2. Petitioner's Claims Regarding Ineffective Assistance of Counsel.

Ineffective assistance of counsel claims are evaluated under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland presents a two-part test for ineffective assistance. Id. Under the first prong, petitioners must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. Under the second prong, petitioner must show that prejudice resulted from counsel's defective performance. Id. at 692. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689 (stating that defendant must overcome presumption that, "under the circumstances, the challenged action might be considered sound trial strategy"); Lockhart v. Fretwell, 506 U.S. 364, 378-79 (1993) (same). When assessing counsel's performance, courts should defer to counsel's tactical decisions. Strickland, 466 U.S. at 689. Finally, the performance and prejudice prongs are "separate and distinct." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). In this, the court need not determine prejudice if petitioner fails to establish deficient performance. Strickland, 466 U.S. at 697.

Under Strickland, petitioner must show that his attorney's performance was deficient and that the outcome of the proceeding would have been different but for the attorney's unprofessional conduct. See Bell v. Cone, 535 U.S. 685, 702 (2002). Counsel's performance is presumed to be "within the wide range of professional assistance" and must be judged "without the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel's errors must have "actually had an adverse effect on the defense," such that

7

> there is a reasonable probability that, but for counsel's
> unprofessional errors, the result of the proceeding would have been
> different. A reasonable probability is a probability sufficient to
> undermine confidence in the outcome.

Id. at 693-94.

### a. Petitioner's Claim that Counsel was Ineffective for Conducting Inadequate Pretrial Preparation.

Petitioner contends that his attorney was ineffective for not undertaking adequate pretrial investigation. Specifically, petitioner notes that his attorney was ineffective because he did not subpoena hospital records or obtain them from the prosecution.

This said, there was no issue in this case about the injuries petitioner inflicted upon his mother. Petitioner broke his mother's hip, caused injuries including laceration to her scalp, and left the imprint of a belt buckle on her arm. See (4/29/02 Transcript, hereinafter "R.", at 15-16.) The requirements for proving the wounding were fully established. Given this fact, petitioner has not made the required showing under Strickland. See 466 U.S. 692 (requiring a showing of prejudice).

### b. Petitioner's Claim that Counsel was Ineffective for Failing to Use DNA Analysis to Cross-Examine a Witness.

Petitioner's next claim is that his attorney should have used DNA analysis to cross-examine a witness. Although petitioner makes this claim, petitioner does not explain how DNA analysis would have shown the absence of hair or blood on the broom. Without explaining this, it is not clear how his counsel's failure to use DNA evidence changed the outcome of his trial in the slightest. At trial, petitioner did not contend that he did not hit his mother with the broom; instead, he contended that he did not cause her injuries maliciously. Given this, neither his

8

counsel's failure to use DNA analysis, nor to have DNA analysis done, prejudiced petitioner to any degree. As such, petitioner has not made the required showing under Strickland. See 466 U.S. 692 (requiring a showing of prejudice).

### c. Petitioner's Claim that His Counsel Did Not Effectively Challenge the Sufficiency of the Evidence on Direct Appeal.

Petitioner's next claim is that his attorney did not effectively challenge the sufficiency of the evidence on direct appeal. At trial, petitioner chose not to testify. (R. 7) As only petitioner and his mother were present at the time of the alleged assault, there was no other witness to testify about what happened aside from his mother.

When petitioner's counsel raised the issue of whether the evidence was sufficient to find petitioner guilty on appeal, because petitioner chose not to testify, the attorney was limited by the record which, as every court which has examined this case has noted, fully established the crimes. As such, petitioner has shown neither error nor prejudice. As the Virginia Supreme Court noted, there was no error or prejudice because "petitioner's attorney argued the evidence was insufficient on appeal but was limited by the record, which fully established the crimes." (Pet.'s Exh. 19, at 3.) As such, this claim must be dismissed.

### d. Petitioner's Claim that His Counsel Was Ineffective for Not Presenting Character Witnesses, Including His Mother, at His Sentencing.

Petitioner's next claim is that his attorney was ineffective for not presenting character witnesses, including his mother, at his sentencing. Fourth Circuit law provides that the choice of witnesses is a tactical decision to be made by trial counsel. Bunch v. Thompson, 949 F.2d 1354,

9

Case 7:05-cv-00238-GEC-mfu   Document 13   Filed 08/02/05   Page 9 of 15   Pageid#: 187

1364 (4th Cir. 1991); Strickland, 466 U.S. at 689 (limiting ineffective assistance claims to situations where the counsel's decision was not part of his trial strategy).

In a case such as this one involving a vicious, unprovoked assault by a son on his mother, the presence of character witnesses would likely have made little to not difference in the judge's decision. As such, it is understandable why petitioner's trial counsel chose not to present them and petitioner as shown neither error nor prejudice. Providing further support for this notion, as the Virginia Supreme Court noted, "[p]etitioner fails to demonstrate that these alleged 'character witnesses,' one of whom was the 'victim' would have been willing to testify on his behalf and proffers no affidavits to demonstrate the content of the testimony." (Pet.'s Exh. 19, at 3-4.)

### e. Petitioner's Claim that His Counsel Was Ineffective for Conceding Unlawful Wounding.

Petitioner's next claim is that his attorney was ineffective for conceding unlawful wounding. As the Virginia Supreme Court noted, he had little choice in this matter because the assault and injuries were uncontested and petitioner chose not to testify, and because his defense was that he did not act maliciously. Id. at 4. As such, the Virginia Supreme Court found neither error nor prejudice. Having reviewed the record, this decision was proper and petitioner's claim regarding it should be dismissed.

### f. Petitioner's Claim that His Counsel Was Ineffective for Not Putting on Witnesses on Diminished Capacity.

Petitioner contends his attorney was ineffective for not producing a witness to testify as to his diminished capacity. At trial, the attorney noted that he had petitioner examined and that the examiner found that petitioner was neither incompetent nor insane at the time of the offense. (R. 8) Further, a defense of diminished capacity is not available in Virginia. See Stamper v.

10

Commonwealth, 228 Va. 707, 717, 324 S.E.2d 682, 688 (1985). Given that the defense is not available, petitioner's counsel did not err in not putting on witnesses to testify to it. Its unavailability belies the fact that petitioner was not prejudiced by this decision. See 466 U.S. 692 (requiring a showing of prejudice). Given that prejudice is required under Strickland, it is appropriate to dismiss this claim.

> **g. Petitioner's Claim that His Counsel Was Ineffective for Not Putting on Witnesses at His Sentencing to Testify as to His Psychological Condition.**

Petitioner's next contention is that his attorney was ineffective for failing to put on a witness at sentencing to testify to his psychiatric condition. Petitioner's attorney had ordered an investigation beyond the one that he had ordered previously; the court reviewed this report before sentencing. (8/16/02 Transcript, at 3-4.)

Fourth Circuit law provides that the choice of witnesses is a tactical decision to be made by trial counsel. Bunch v. Thompson, 949 F.2d 1354, 1364 (4th Cir. 1991); Strickland, 466 U.S. at 689 (limiting ineffective assistance claims to situations where the counsel's decision was not part of his trial strategy).

Adding to this, petitioner does not explain what difference it would have made if the expert had testified live as opposed to via report. In reviewing this claim, the Virginia Supreme Court found that neither prong under Strickland had been satisfied because the records that he did provide concluded that petitioner's mental status did not affect his behavior at the time he assaulted his mother or his ability to participate in the criminal proceeding, and that there was no basis to support any conclusion that petitioner was mentally ill. (Pet.'s Exh. 19, at 5.)

11

Given the case law and the court's review of the record, the Virginia Supreme Court's decision appears as being reasonable and this claim should be dismissed.

### h. Petitioner's Claim that His Counsel Was Ineffective for Failing to Object to Hearsay Contained in His Presentence Report.

Petitioner's next claim is that his attorney was ineffective for failing to object to hearsay in his presentence report. At trial, an objection to a response from the victim to the police that petitioner would kill her if she told on him was sustained. (R. 10) Petitioner stated that the same statement was found in the presentence report.

Hearsay is legally allowed to be included in such reports. Virginia Code § 19.2-299; O'Dell v. Commonwealth, 234 Va. 672, 701-02, 364 S.E.2d 491, 507-08, cert. denied, 488 U.S. 871 (1988). As such, petitioner has shown neither error nor prejudice. As such, this claim must be dismissed.

### i. Petitioner's Claim that His Counsel Was Ineffective for Failing to Call a Mental Health Expert to Testify at Trial.

Petitioner contends his attorney was ineffective for not producing a mental health expert to testify at trial. At trial, the attorney noted that he had petitioner examined and that the examiner found that petitioner was neither incompetent nor insane at the time of the offense. (R. 8) Further, a defense of diminished capacity is not available in Virginia. See Stamper v. Commonwealth, 228 Va. 707, 717, 324 S.E.2d 602, 688 (1985). Given that the defense is not available, petitioner's counsel did not err in failing to put on a mental health expert to testify to petitioner's mental condition at the time of the offense. The unavailability of any defense of diminished capacity belies the fact that petitioner was not prejudiced by this decision. See 466

12

U.S. 692 (requiring a showing of prejudice). Given that prejudice is required under Strickland, it is appropriate to dismiss this claim.

### j. Petitioner's Claim that His Counsel Was Ineffective For Failing to Interview and Cross-Examine Witnesses.

Petitioner claims that his attorney was ineffective for failing to interview and cross-examine witnesses. He claims that, if cross-examined, the Commonwealth's witnesses would have stated that petitioner did not scream when coming down the stairs as police arrived. This fact is irrelevant to the crimes for which he was convicted. Therefore, petitioner has not made the required showing of prejudice. See 466 U.S. 692 (requiring a showing of prejudice). Given that prejudice is required under Strickland, it is appropriate to dismiss this claim.

### k. Petitioner's Claim that His Counsel Was Ineffective for Failing to Cross-Examine Forensic Nurse.

Petitioner final claim is that his attorney was ineffective because the attorney interview before trial and later cross-examine the forensic nurse. Petitioner contends that such an interview would have resulted in evidence necessary for a finding that the victim's injuries were not serious.

Petitioner's contention is meritless in light of there being ample evidence in the record that the victim's injuries were serious. The record illustrates that this nurse was primarily called to present photographs. (R. 46-48) Additionally, the nurse testified that the victim had been admitted to the hospital and had suffered a hip fracture. (R. 48) The nurse's credibility was not in issue, and there was no reason to cross-examine her. Petitioner has shown neither error nor prejudice. When it examined this issue, the Virginia Supreme Court stated that:

13

> [t]here was no issue in this case about the injuries inflicted by petitioner; the victim testified that she suffered a broken hip that required surgery and had lacerations requiring staples. Thus, the requirements for proving the wounding were fully established without the hospital records. Petitioner has not proffered the records nor provided any actual basis to support his claim that the records would have shown that the broken hip and head laceration were not serious injuries. Further, the petitioner proffers no affidavit nor evidence to support his allegation that had counsel cross-examined the nurse, she would have testified that the broken hip and head laceration were not serious. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or there is reasonable probability that, but for the alleged error, the result of the proceeding would have been different.

(Pet. Exh. 19, at 1.)

When examining this issue, the Virginia Supreme Court found no error or prejudice because "[t]he record demonstrates the seriousness of the injuries. Petitioner has failed to proffer any evidence to support this claim that a broken hip and head lacerations were not serious injuries." Id. at 6-7. As such, this claim fails under Strickland. See 466 U.S. 692 (requiring a showing of prejudice).

## IV. Conclusion

Having reviewed the record in this case, it is the recommendation of the undersigned that respondent's motion to dismiss be granted because all of petitioner's claims are without merit. This case should be dismissed and stricken from the active docket of the court.

The Clerk is directed to immediately transmit the record in this case to the Honorable Glen E. Conrad, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become

14

conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection. Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

**ENTER:** This 15st day of August, 2005.

By: _____
United States Magistrate Judge